NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKIE SLAUGHTER, | No. 20-15335 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01728-APG-NJK |
| v. | |
| JEREMY BEAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 14, 2021[**]

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Nevada state prisoner Rickie Slaughter appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations arising from a disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2013).  We affirm.

The district court properly granted summary judgment because Slaughter failed to raise a genuine dispute of material as to whether prison officials failed to afford him all of the process that he was due.  *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements in prison disciplinary proceedings and explaining that prison authorities have discretion not to call witnesses, "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases").

**AFFIRMED.**